UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| THOMAS MOUNTS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cv-00189 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | [Re:   Motion at Docket 18] |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 18, plaintiff Thomas Mounts moves for an award of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Plaintiff requests an award of $11,537.50[1]  The motion was opposed by the Commissioner at docket 20 who pointed out, among other things, that the motion was not properly supported by an itemized statement sufficient to afford the court an opportunity to review the application. In his reply at docket 21, plaintiff acknowledged the shortcoming, provided additional information, and announced no objection to the filing of a sur-reply by the Commissioner.   The court approved the sur-reply which was filed as an attachment to docket 26.  The motion is now fully briefed.  Oral argument has not been requested and would not assist the court.

---

[1]This is the amount requested in docket 21, and supported by the affidavit at docket 22. The original request at docket 18 was for $10,287.50.

## II. DISCUSSION

In civil cases such as the instant social security appeal, this court is directed by statute to make an award of reasonable attorney's fees and expenses to plaintiffs who make proper application therefor, unless the United States' position was substantially justified or there are unusual circumstances which would make an award unjust.[2] In addition a prevailing party may also apply to tax costs recoverable pursuant to 28 U.S.C. § 1920.[3] Recoverable costs are to be taxed by the Clerk pursuant to D.Ak.LR 54.1. Accordingly, no costs will be awarded in connection with the motion at hand.

Following the filing of additional material by plaintiff at docket 21, and expiration of defendant's time for appeal, the only issue which remains in dispute is the reasonableness of the amount of attorney's fees sought. Defendant does not contest the hourly rate charged by plaintiff's counsel. Rather, the problem perceived by defendant is that plaintiff's counsel is a neophyte who spent far more time than would have been required by a more experienced lawyer to achieve the successful outcome obtained for his client.

It is undisputed that plaintiff's counsel had no prior experience with social security appeals, but plaintiff's counsel points out that he did confer with more seasoned lawyers (who did not charge for their time). Plaintiff's counsel asks to be reimbursed for a total of 92.3 hours of his time.[4] Defendant takes the position that no more than 40 hours should have been expended. The undisputed hourly rate is $125, so 40 hours would yield a fee of $5,000.

In resolving disputes over what is a reasonable attorney's fee, the Ninth Circuit has listed a number of factors which should be considered: (1) time required to do the work; (2) novelty or difficulty of the work; (3) skill required; (4) lost opportunity costs; (5) the fee normally charged; (6) type of fee–whether fixed or contingent; (7) time

---

[2] 28 U.S.C. § 2412(d).

[3] 28 U.S.C. § 2412(a)(1).

[4] Doc. 22, Amended Affidavit In Support of Plaintiff's Motion For An Award of Costs and Attorney's Fees.

constraints; (8) the amount in dispute and the result; (9) qualifications of the attorney; (10) whether case is an undesirable one; (11) relationship between client and his counsel; and (12) awards in similar cases.[5]

With respect to the first factor, the court does not find the size of the record or the issues presented to warrant much more work than in most social security appeals. Based on that finding, the total amount of time spent by plaintiff's counsel is excessive. Given the work itemized by plaintiff's counsel and the nature of the case, the court concludes that what took 92.3 hours to do should have been "doable" by a journeyman social security lawyer in half that time, perhaps less. Concerning the second factor, the court finds that this case was not novel, nor was it especially complex. Each social security case comes with its own set of issues, some involve more complicated records than this one did, and some involve simpler records. This factor does not support an award above the 45 to 46 hour figure supported by the first factor.

The third factor is the skill required. Here, the skill needed is that of a journeyman social security practitioner. Plaintiff's counsel has not yet achieved journeyman status. This factor supports an award of substantially less than the amount of time requested, say 40 to 45 hours. Fourth, the court should consider the opportunity cost for the lawyer. This factor would be most significant in circumstances where the lawyer forewent performance of work that would have paid at a very different rate in order to undertake the representation. In this case, it appears plaintiff's counsel had no significant opportunity cost; had he not worked on this case he likely would have worked on some other social security matter given the focus of the Disability Law Center's work.

Fifth, the court should consider the customary fee. Here, the customary fee is an hourly fee computed at a rate comparable to that sought by plaintiff. The sixth item is the type of fee. Here, it is an hourly fee, not a contingent fee. The seventh factor is time constraints imposed by the client. None are known to the court, and plaintiff concedes this factor is irrelevant.

---

[5]*Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 70 (9th Cir. 1975).

The eighth factor is the amount involved and the result obtained. Here, the amount involved is significant because the court remanded for an award of disability benefits with an onset date of May 26, 2000. The result achieved was vindication of plaintiff's position. This factor supports some enhancement over the hours supported by the other facts, say 50 to 55 hours.

The ninth factor is the experience, reputation, and ability of the lawyer. Plaintiff's lawyer has very little experience, and his reputation is neither good nor bad and his ability does not appear to be outstanding in either direction. This factor supports a substantial reduction from the time claimed, but not significant change from the 40 to 46 hours suggested by the first three factors.

The tenth factor is the "undesirability" of the case. Plaintiff points to the size of the administrative record and plaintiff's history of substance abuse.[6] These considerations suggest an award at the upper end of the range suggested by the first three factors, but no more. The eleventh factor is the lawyer's relationship to his client. The court does not find any basis for adjusting the award in either direction based on this factor. The last factor is comparison of the amount to be awarded here with that awarded in other cases. Consideration of this factor would support an award of around 40 hours.

When the court looks at the request for an award of attorney's fees in light of the preceding discussion, it concludes that an award in a range of from 40 to 46 hours is appropriate. Giving particular credit to the result achieved, the court concludes that an award of 46 hours will provide reasonable compensation to plaintiff's counsel without compensating him for time that a more experienced lawyer would not have needed.

---

[6]Doc. 21 at p. 12.

## III. CONCLUSION

For the reasons above, the motion at docket 18 is **GRANTED** as follows: Plaintiff shall recover from defendant his reasonable attorney's fee in the amount of $5,750.

DATED at Anchorage, Alaska this 10th day of October 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE